Christopher A. **TURNER**,
Petitioner–Appellant,

v.

Cecil **DAVIS**, Respondent–Appellee.

No. 01–4057.

United States Court of Appeals,
Seventh Circuit.

Submitted June 20, 2002.*

Decided June 20, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

Before WOOD, Jr., COFFEY, and ROVNER, Circuit Judges.

submitted on the briefs and the record. *See*

## ORDER

A Conduct Adjustment Board ("CAB") found Indiana prisoner Christopher Turner guilty of rioting and sanctioned him with one year of disciplinary segregation, the loss of 180 days' earned credit time, and demotion to credit-earning class III. After pursuing available administrative remedies, Turner filed a petition under 28 U.S.C. § 2254, challenging his prison disciplinary conviction. The district court dismissed Turner's petition, and we affirm.

Turner first argues that the CAB violated his right to a fair disciplinary hearing by denying him access to a surveillance videotape of the riot in which he allegedly participated. But Turner did not raise this argument in the district court, and it is therefore waived on appeal. *Cossel v. Miller*, 229 F.3d 649, 653 (7th Cir.2000).

Turner also argues that he received a harsher punishment than other inmates in violation of his equal protection rights. But the Equal Protection Clause is not implicated every time one individual is treated differently from another. Turner does not allege that the CAB discriminated against him based on race or any other impermissible basis. Essentially, Turner is arguing that the sanctions he received were imposed arbitrarily and thus unfair.

It is true that prison officials may not impose disciplinary action arbitrarily. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir.1999). But the minimal safeguards of due process are sufficient to protect inmates from arbitrary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *McPherson*, 188 F.3d at 787. Turner received notice of his disciplinary hearing and had the opportunity, at a pre-hearing screening, to request witnesses, who presented testimony to the

Fed. R.App. P. 34(a)(2).

CAB on his behalf. *See Hill,* 474 U.S. at 455, 106 S.Ct. 725. Furthermore, the CAB issued a written decision stating that it relied on the conduct report submitted by a staff member who was present during the riot in finding Turner guilty. *See id.* Turner's CAB proceeding satisfied the demands of procedural due process in a prison disciplinary setting. *See id.* Having ascertained that Turner received these procedural protections, we need only determine that "some evidence" supported the CAB's decision before we find that the sanctions imposed were not arbitrary. *Id.* The conduct report cited in the CAB's written decision constitutes "some evidence." Accordingly, the judgment of the district court is AFFIRMED.